BOARD OF COMMISSIONERS OF MULTNOMAH COUNTY, Plaintiffs in Error, *v.* STATE OF OREGON, Defendant in Error.

### *Error to Multnomah.*

The State brought suit against Multnomah County, to recover a deficit of four per cent. on the proportion of State revenue, assessed against that county for the year 1859; the county claiming it as a compensation for collecting the State revenue.—*Held*, That when the State treasurer charges to each county, upon the report of the Secretary of State, the amount of revenue assessed to each county for State purposes, the county and State stand in the relation of debtor and creditor; the revenue becomes a debt, to be paid in full, and the county cannot burden it with any drawback or per centage for collecting it.

THE State brought this suit against the board of commissioners of Multnomah County, to recover the sum of

$252 47, balance due on the State revenue of 1859, apportioned to the said county. The county claims to withhold it as the four per cent. compensation, allowed by law, for the collection and disbursement of $5,509 18, the amount assessed against the county for that year. The complaint and answer disclose these facts. There was a demurrer to the answer, which was sustained, and judgment on the demurrer. Error is assigned upon the sustaining of this demurrer in the Circuit Court.

*J. K. Kelly*, for plaintiffs in error.

*W. W. Page*, for defendant in error.

STRATTON, J. The whole question turns upon the construction to be given to chapter 1 of the statutes of this State, in relation to the assessment and collection of taxes, or so much of it as pertains to the subject in controversy; and whatever may have been the practice, for there is a statement in the answer as to what that has been, the matter seems free from all doubt or embarrassment. Sections 27, 28 and 29, after directing in what manner the assessments shall be made in the several counties, and returned to the territorial auditor, provides, that the territorial auditor shall make an estimate of the tax to be collected in each county, for territorial purposes; that he shall make out and deliver, to the territorial treasurer, certified copies of such statement; and that the territorial treasurer shall also *charge* the respective counties with the amount of tax so ascertained to be raised in each. Section 46 is in these words: " On or before the first Monday in February, in each year, the several county treasurers in this territory shall pay over to the territorial treasurer, in gold and silver coin, the amount of territorial taxes *charged* to their respective counties." It is important to note the phraseology of these sections, as fixing the relations of the counties and of the State—the one becomes a *debtor*, and the other a *creditor*, for the amount *charged;* and on the day when the

law has fixed the time of payment, it is a debt due, and can be discharged only by payment, not in part, but in full, as all other debts. are discharged. Unless the law so provides, neither the county nor the county treasurer can burden it with any expenses of collection, no more than A. can demand of B. a drawback or per centage, for the payment of a debt which A. owes to B. But it is urged by the plaintiffs in error, that under section 14 of an act relating to county treasurers, *O. S., p.* 423, the treasurer is entitled to the four per cent. for receiving and disbursing of this amount of money, and that is true; but he must look to his principal, the county, whose agent he is for that compensation; and the last clause of this section provides, that he shall receive the above per cent. "on all moneys paid out by him for the county." The act, in which this 14th section is found, has no reference or relation to any act or duty which he is compelled to do on behalf of the State, and, as a matter of course, cannot charge the State for services performed for the county. In the event that this court should take a different view of the law from that above stated, several alternative questions were discussed at the bar, upon which it is not now necessary to pass.

Judgment is affirmed.